UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN M. HORDS,

        Plaintiff,               CASE NUMBER: 13-13628
                                       HONORABLE VICTORIA A. ROBERTS

v.

OCWEN LOAN SERVICING, LLC, US
BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR RASC 2006-KS6, and ALL
PERSONS UNKNOWN, CLAIMING ANY
LEGAL OR EQUITABLE RIGHT, TITLE,
LIEN OR INTEREST IN THE PROPERTY
DESCRIBED IN THE COMPLAINT
ADVERSE TO PLAINTIFF'S TITLE, OR
ANY CLOUD ON PLAINTIFF'S TITLE
THERETO,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. #2)

      This is a mortgage foreclosure case in which Alan Hords admits that he defaulted on his mortgage loan, but says he was entitled to a loan modification in lieu of foreclosure. Hords alleges five Counts against Ocwen Loan Servicing, LLC and U.S. Bank National Association as Trustee for RASC 2006-KS6 (collectively, "Defendants"): (1) Injunctive Relief, (2) Fraud and Misrepresentation, (3) Innocent Misrepresentation, (4) Civil Conspiracy, and (5) Quiet Title.

      On August 29, 2013, Defendants filed a motion to dismiss for failure to state a claim. Plaintiff did not timely respond.

1

Instead, on October 2, 2013, the parties stipulated to extend response time to November 1, 2013.  On October 29, 2013, the parties stipulated to extend response to November 15, 2013. On November 18, 2013, the parties again stipulated to extend response time to November 25, 2013.

It is now January 13, 2014; Hords has yet to respond.  Defendants' motion to dismiss is **GRANTED**.   Hords failed to state a claim upon which relief can be granted.

Even if a plaintiff fails to properly respond to a motion to dismiss, Fed. R. Civ. P. 12(b)(6) dismissal is warranted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). The court treats all well-pleaded allegations in the complaint as true. *Id*.  However, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must include in the complaint enough facts which allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2010).

All of Hords' claims rest on the contention that Defendants were required to offer him a loan modification or that Defendants misled Hords into believing that his loan was being modified; neither argument is sufficient to state a claim.

Courts hold that plaintiffs simply do not have a right to a loan modification; there is no private right of action for failing to modify a mortgage loan.  *See e.g. Matthews v. Wells Fargo Bank,* No. 11–14711, 2012 WL 5379585 (E.D. Mich. 2012); *N.A.Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010).  Thus, no

liability attaches against Defendants for failing to modify Hords' loan.

And, Hords' misrepresentation claims fail because under Rule 9(b) of the Federal Rules of Civil Procedure, fraud must be pled with particularity.  Fed. R. Civ. 9(b).  To meet this pleading standard, Hords "must at the minimum allege the time, place and contents of the misrepresentation(s) upon which [he] relied." *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984).

Hords' fraud claims are void of facts and specificity and fail to allege and support the necessary elements.  Hords alleges Defendants "intentionally made false representations of material fact to Plaintiff regarding the processing of Plaintiff's loan modification application."  He does not allege when the fraud occurred or that Defendants had a duty to offer him a loan with a lower monthly mortgage payment.

Hords' Complaint admits that he defaulted; foreclosure was proper.  Defendants' motion is **GRANTED.**   Hords' Complaint is **DISMISSED** with **PREJUDICE**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 13, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 13, 2014.

s/Linda Vertriest
Deputy Clerk

3